IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00894-GPG

KENNETH HOUCK,

    Plaintiff,

v.

DEBORAH DENHAM,
DR. THOMAS KRAUS,
EVA MALANOWSKI, and
KRISTEN KRUEGER (Formerly Long),

    Defendants.

---

ORDER TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff Kenneth Houck is in the custody of the Federal Bureau of Prisons and currently is incarcerated at FCI Englewood in Littleton, Colorado. Plaintiff submitted a Letter to the Court and stated that he intends to file a claim in this Court but needs assistance of counsel. Based on the Letter, the Court initiated this action and directed Plaintiff to cure certain deficiencies if he intended to proceed with an action at this time. Specifically, Plaintiff was directed to submit his claims on a Court-approved form used in filing prisoner complaints and to submit a request to proceed pursuant to 28 U.S.C. § 1915, or in the alternative to pay the $400 filing fee in full.

After filing multiple letters that include requests and additional claims, Plaintiff submitted a request to proceed pursuant to 42 U.S.C. § 1915 and a Prisoner Complaint on proper Court-approved forms. The Court granted Plaintiff leave to proceed pursuant to § 1915 on June 2, 2015. The Court also on June 2 directed Plaintiff to file an Amended Complaint that states personal participation by each named defendant in violating his constitutional rights. Plaintiff also was instructed that a defendant may not

be held liable for unconstitutional conduct of his or her subordinates on a theory or respondeat superior or on the basis that a prison official or administrator denied Plaintiff's grievances. In the Order to Amend, Plaintiff was directed that the only proper filing at this time is an Amended Complaint. *See* June 2, 2015 Ord., ECF NO. 19, at 3.

Plaintiff has disregarded the Court's directive in the June 2, 2015 Order to file only an Amended Complaint. He has filed eight letters both before and after he submitted the Amended Complaint. *See* ECF Nos. 21, 22, 23, 24, 26, 27, 28, and 29. The letters assert additional claims, provide unnecessary statements about his filings with the Court, and state requests for various actions by the Court that either are premature or unneeded.

To the extent Plaintiff is attempting to amend his Complaint by filing letters, "[a]n amended complaint 'supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified.' " *See Hooten v. Ikard Servi Gas*, No. 12-2179, 2013 WL 1846840 at *4 (10th Cir. May 3, 2013) (quoting *Giles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990)). If Plaintiff desires to include additional claims he must file an amended complaint on a Court-approved form that includes all the claims he intends to raise. The Court, therefore, will afford Plaintiff one final opportunity to submit a Second Amended Complaint on a Court-approved form that states all the claims he intends to raise.

Plaintiff is reminded that to state a claim in federal court he must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Plaintiff also is required to assert personal participation by each named defendant in the alleged

constitutional violation.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Plaintiff must show how each named individual caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Also, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Furthermore, when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.  *Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).  Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  *Id.* at 1199.

Furthermore, Plaintiff cannot maintain claims against prison officials or administrators on the basis that they denied his grievances.  The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."  *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, 307 F. App'x 179,

193 (10th Cir. Jan. 13, 2009) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, 99 F. App'x 838, 843 (10th Cir. 2004) (sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983").

Also, Rule 8(a) of the Federal Rules of Civil Procedure provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. The Court has reviewed Plaintiff's Amended Complaint and finds that his claims are not stated in a short and concise manner.

Finally, any request for appointment of counsel that Plaintiff has referred to in any of the eight letters he has submitted to the Court is premature. Plaintiff has demonstrated his ability to assert viable claims. Accordingly, it is

ORDERED that Plaintiff shall have **thirty days from the date of this Order** to file a Second Amended Complaint as directed above. It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, to be used in filing the Second Amended Complaint. It is

FURTHER ORDERED that if Plaintiff fails to comply within the time allowed the Court will address only the claims presented to the Court in the Amended Complaint filed on June 22, 2015.  It is

FURTHER ORDERED that the only proper filing at this time is a Second Amended Complaint.  Any other filings submitted by Plaintiff may be stricken by the Court.

DATED July 9, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____
United States Magistrate Judge