IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 15–cv–00894–KMT

KENNETH HOUCK,

    Plaintiff,

v.

DR. THOMAS KRAUS,
DR. EVA MALANOWSKI, and
KRISTEN KRUEGER (FORMERLY LONG),

    Defendants.

---

# **ORDER**

---

This matter is before the court on Plaintiff's "Request for a Stay of Proceedings." (Doc. No. 121.) Plaintiff, appearing *pro se*, requests the court stay proceedings for eleven months because he is about to be transferred to a Residential Reentry Center ("RRC") for that period of time and is concerned he will be unable to devote the time necessary to this litigation.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006). Federal Rule of Civil Procedure 26 does, however, provide that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending. . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . .

Fed. R. Civ. P. 26(a).

A motion to stay discovery is an appropriate exercise of this court's discretion. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

The underlying principle in determination of whether to grant or deny a stay clearly is that "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (quoting *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir. 1971)). In other words, stays of the normal proceedings of a court matter should be the exception rather than the rule. As a result, stays of all discovery are generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007) (citation omitted).

Nevertheless, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice And Procedure § 2040, at 198 (3d ed. 2010). Courts have routinely recognized that discovery may be inappropriate while issues of immunity or jurisdiction are being resolved. *See, e.g., Siegert v. Gilley*, 500 U.S. 226, 231-32 (1991) (noting that immunity is a threshold issue and discovery should not be allowed while the issue is pending); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (same); *Democratic Republic of Congo v. FG Hemisphere Assocs., LLC*, 508 F.3d 1062, 1064 (D.C. Cir. 2007)

(noting that the reason jurisdictional defenses should be raised at the outset is to avoid unnecessary litigation); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding stay permissible pending ruling on a dispositive motion asserting a jurisdictional issue).

When considering a stay of discovery, this court has considered the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)). The court finds these factors do not commend a stay of this matter.

While the first consideration is negated by the fact it is Plaintiff requesting a stay, the court notes Defendants have an interest in proceeding expeditiously and an eleven month stay significantly delays their attempt to clear their names and be free of pending litigation. The court is sympathetic to Plaintiff's circumstances in which he will have many responsibilities during his time in the RRS, as outlined in his Motion. However, a party facing significant responsibilities and obligations outside of his litigation is not unique to Plaintiff. Granting a stay under such circumstances would suggest that a stay is appropriate in nearly every lawsuit initiated in this court. This result would not only be contrary to the disfavored status of stays in this district, *see Bustos v. U.S.*, 257 F.R.D. 617, 623 (D. Colo. 2009), but would also make the court's docket thoroughly unpredictable and, hence, unmanageable. *Sanaah v. Howell*, 08–cv–02117–REB–KLM, 2009 WL 980383, at *1 (D. Colo. Apr. 9, 2009). Moreover, there are five months of

discovery remaining in this case, thus providing a significant amount of time for the parties to complete the same.

Finally, neither the interests of nonparties nor the public interest in general prompts the court to reach a different result. Indeed, the public interest favors the prompt and efficient handling of all litigation. *Sanaah*, 2009 WL 980383, at *1. Accordingly, on balance, the court finds that a stay of this case is unwarranted.

Accordingly, it is

**ORDERED** that Plaintiff's "Request for a Stay of Proceedings" (Doc. No. 121) is **DENIED**.

**Dated May 16, 2017**.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge